# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILS OF FAITH FREIGHT UNITERS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:22-cv-01547-NAD ) |
| BIG TEX TRAILER WORLD, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

For the reasons stated below and on the record in the March 30, 2023 telephonic motion hearing, the court **DENIES** Plaintiff Wils of Faith Freight Uniters, LLC's motion to remand (Doc. 16).

## BACKGROUND

In September 2022, Plaintiff Wils of Faith filed this case in the Circuit Court for Jefferson County, Alabama, alleging claims against Defendants Big Tex Trailer World, Inc. and Big Tex Manufacturing, LLC. Doc. 1 at 2; Doc. 1-1 at 3. In its complaint, Wils of Faith alleged that it purchased from Big Tex Trailer World a trailer with a manufacturing defect. Doc. 1-1 at 4. Wils of Faith alleged that the defect caused the rear axle of the trailer to drop to the ground while traveling, and that Wils of Faith sustained damages as a result. Doc. 1-1 at 4. Wils of Faith alleged

1

that "the purchased product . . . cost $17,320.00." Doc. 1-1 at 4.

In its complaint, Wils of Faith alleged causes of action for breach of the Alabama Extended Manufacturer Liability Doctrine (AEMLD), negligence, wantonness, breach of the implied warranty of merchantability, and breach of an express warranty of merchantability. Doc. 1-1 at 5–12. Wils of Faith alleged that the trailer was dangerous and defective and that, by "causing damage to [its] property," the defect also "caused substantial damage to [its] business." Doc. 1-1 at 6. Wils of Faith alleged that it "accumulated debt at Valpo Trailer for storage, lost business opportunities, source of income for business, and emotional/mental anguish from the driver of the company." Doc. 1-1 at 6.

Wils of Faith sought compensatory and punitive damages. Doc. 1-1 at 6–12. But Wils of Faith's complaint did not plead a specific amount of damages.

On October 17, 2022, Defendants answered Wils of Faith's complaint in state court. Doc. 1 at 3; Doc. 1-1 at 26–29.

On November 10, 2022, Wils of Faith sent Defendants a settlement demand, requesting more than $781,000.00. Doc. 1 at 3; Doc. 1-3 at 2. And, on November 15, 2022, Wils of Faith filed in state court a motion to set a hearing because it was suffering "severe financial damages." Doc. 1-1 at 37–38.

On December 9, 2022, Defendants removed the case to this court based on diversity jurisdiction. Doc. 1. The parties consented to magistrate judge jurisdiction.

Doc. 10; *see* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73.

The notice of removal alleged that removal was timely because it was filed "within thirty days of the November 10, 2022 settlement demand." Doc. 1 at 5; *see* 28 U.S.C. § 1446(b)(3) ("other paper" removal). According to the notice of removal, Wils of Faith is an Alabama citizen, Big Tex Trailer World is a Texas citizen, and Big Tex Manufacturing is a Texas and Delaware citizen. Doc. 1 at 4–5.

Defendants alleged in the notice of removal that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000, even though "Wils of Faith's complaint did not request a specific amount of damages." Doc. 1 at 8. Defendants asserted that Wils of Faith seeks "various categories of compensatory damages," as well as punitive damages, and that the "$780,000-plus demand of Plaintiff's counsel confirms the amount in controversy is met." Doc. 1 at 8.

On January 24, 2023, Wils of Faith timely filed this motion to remand. Doc. 16. The parties fully briefed the motion (Doc. 20; Doc. 21), and on March 30, 2023, the court held a telephonic motion hearing (minute entry entered: 03/30/2023).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Generally speaking, federal subject matter jurisdiction over a civil case requires either a question "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), or complete

3

diversity of citizenship (28 U.S.C. § 1332).

With respect to diversity, a federal court has jurisdiction where the matter "is between . . . citizens of different States," and where the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable,"[1] the defendant can remove the case from state to federal court "after receipt by the defendant [of] *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* (emphasis added).

For "other paper" to establish removability, the paper "must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007). Indeed, the "removal statutes are construed narrowly"; and, "where [the] plaintiff and [the] defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Where a "plaintiff has not pleaded a specific amount of damages, the

---

[1] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Simring v. GreenSky, LLC*, 29 F.4th 1262, 1266 (11th Cir. 2022) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).

Moreover, where it is not facially apparent that a case is removable,[2] the defendant's "burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka*, 608 F.3d 744).

A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. But, without sufficient evidence, the court cannot engage in "impermissible speculation" to find that the amount in controversy exceeds the jurisdictional requirement. *Id.* at 752–54 (quoting *Lowery*, 483 F.3d at 1220).

## DISCUSSION

As a threshold matter, the only question on this motion is whether Defendants can "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Simring*, 29 F.4th at 1266. There is no

---

[2] "When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 754 (alteration in original; citation omitted).

5


dispute that the removal was timely and procedurally proper, and that the parties are completely diverse.  In addition, the notice of removal recognizes that Wils of Faith did not plead a specific amount of damages in its complaint, and that it is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  *See* Doc. 1 at 8–9.

**1.**  In light of the $780,000-plus settlement demand (i.e., the "other paper"), Defendants' notice of removal establishes by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.  *See Simring*, 29 F.4th at 1266; Doc. 1 at 3, 7–9; Doc. 1-3 at 2; 28 U.S.C. § 1446(b).  Notwithstanding Wils of Faith's argument that "[s]ettlement negotiations are intended to be confidential and between the parties only" (Doc. 16 at 5), the Eleventh Circuit expressly has considered a settlement demand in determining whether a notice of removal satisfied the amount in controversy requirement.  *See Burns*, 31 F.3d at 1097 (stating that the plaintiff "ha[d] offered to settle the case for $45,000," and reasoning that, "[w]hile this settlement offer, by itself, may not be determinative, it counts for something"); *Lowery*, 483 F.3d at 1212 n.62 & 1214 n.66 (reasoning that "[c]ourts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify," including "settlement offers").

In this case, the $780,000-plus settlement demand (Doc. 1-3 at 2) is "an unambiguous statement that clearly establishes" that the amount in controversy

exceeds the jurisdictional requirement for purposes of federal jurisdiction (*Lowery*, 483 F.3d at 1213 n.63). Among other things, the settlement demand "included an itemized breakdown . . . , demonstrating the concrete damages sought." *Everett J. Prescott, Inc. v. Zurich Am. Ins. Co.*, 2023 U.S. Dist. LEXIS 1275, at *7–8 (M.D. Fla. Jan. 4, 2023) (denying motion to remand). *But see Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (finding that a $155,000 settlement demand was insufficient to support removal, because it did not include information to support the amount demanded).

**2.** Plaintiff has identified no authority for the proposition that, "if the Defendants do[] not stipulate that consequential damages and punitive damages are recoverable by the Plaintiff notwithstanding any agreements or warranties between the Parties, then the case should be remanded." Doc. 16 at 5–6 ("Warranty documents and other documents demonstrating a contractual relationship between the Parties purport to limit the categories of damages."); *see* Doc. 21 at 6–8. And this court has found no such authority. *Accord Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (reasoning that "affirmative defenses asserted on the merits may not be used to whittle down the amount in controversy" (quotation marks omitted)).

There is authority from the district courts in the Eleventh Circuit that remand may be appropriate where a *plaintiff* stipulates to an amount in controversy that is

7

less than the jurisdictional requirement. *See, e.g.*, *Reese v. WestRock CP, LLC*, 2022 U.S. Dist. LEXIS 200712, at *5 (S.D. Ala. Nov. 2, 2022) (remanding to state court because "stipulations made by Plaintiff remove the amount-in-controversy issue"); *Harris v. Aghababaei*, 81 F. Supp. 3d 1278, 1284 (M.D. Ala. 2015) (remanding to state court based in part on "the Plaintiffs' counsel's consistent representations, as an officer of the court, that their damages do not exceed, nor will the Plaintiffs seek more than, $74,500"); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("[A] district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal."). And the Eleventh Circuit has "reiterate[d] that the burden of proving jurisdiction lies with the removing defendant." *Williams*, 269 F.3d at 1319.

But there is a difference between the amount in controversy "at the time of removal" (*PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016)), and the amount of damages that a factfinder ultimately may assess against a defendant—as well as the arguments and defenses that a defendant may raise against a plaintiff's claims and requests for damages. *See id.* ("[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal.").

## CONCLUSION

For the reasons stated above, Plaintiff Wils of Faith's motion to remand (Doc.

16) is **DENIED**.

    **DONE** and **ORDERED** this May 4, 2023.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE