UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILS OF FAITH FREIGHT UNITERS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BIG TEX TRAILER MANUFACTURING, LLC, | ) ) ) ) |
| Defendant. | ) |

Case No. 2:22-cv-01547-NAD

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

For the reasons stated below and on the record in the October 8, 2024 motion hearing, the court **GRANTS** Defendant Big Tex Trailer Manufacturing, LLC's motion to dismiss (Doc. 63). *See* Doc. 66 (opposition); Doc. 67 (reply); Doc. 68 (order to show cause); Doc. 69 (response); Doc. 71 (reply); minute entry entered: 10/08/2024.

## BACKGROUND

*Factual background*

The following facts are undisputed:

In early 2022, Plaintiff Wils of Faith Freight Uniters, LLC purchased a "Big Tex" trailer for $18,061.07. Doc. 50 at 9. The trailer came with Big Tex

1

Manufacturing's limited express warranty. Doc. 34 at 5; Doc. 35-7.

On or about May 31, 2022, a Wils employee was towing the trailer on an interstate in Indiana when the trailer's axle "dropped to the ground." Doc. 1-1 at 4. Wils called Big Tex's warranty department and was told to contact Valpo Trailer, an authorized repair shop in Valparaiso, Indiana. Doc. 34 at 7. Valpo was unable to fix the trailer and referred Wils to Carl's Truck and Trailer Repair, Inc. Doc. 34 at 7. Because Carl's was not an authorized repair shop, Big Tex notified Wils that Wils would have to first pay for any repair and then submit the cost for reimbursement. Doc. 34 at 7.

Deposition testimony reflects that Wils received an informal, oral estimate for the cost of repair from Carl's for $2,000 in 2022 (though those facts are disputed), but Wils was unable to pay that estimated cost of repair. Doc. 34 at 7.

On June 2, 2022, Big Tex reminded Wils to send an estimate for the cost of repair, and Wils responded that it would have a written estimate in the "next couple of days" and would "reach out" to Big Tex once Wils had received that estimate. Doc. 35-9 at 3.

Wils never provided a formal, written estimate to Big Tex. Doc. 53 at 13.

Instead, Wils filed this lawsuit.

***Procedural background***

Wils filed this case in the Circuit Court for Jefferson County, Alabama, in

September 2022. Doc. 1-1 at 3. On December 9, 2022, Big Tex removed the case to this court based on diversity jurisdiction. Doc. 1. The parties consented to magistrate judge jurisdiction. Doc. 10; *see* U.S.C. § 636(c); Fed. R. Civ. P. 73.

On December 13, 2023, Big Tex filed a motion for summary judgment (Doc. 33), which the court granted in substantial part on April 25, 2024 (Doc. 53).

After the court's summary judgment ruling, only Wils' claim for breach of the express warranty against Big Tex Manufacturing remained pending. *See* Doc. 53 at 10–14.

On May 9, 2024, Big Tex filed a motion for reconsideration (Doc. 55), which the court denied (Doc. 60).

On July 2, 2024, Big Tex filed this motion to dismiss for lack of subject matter jurisdiction. Doc. 63. In its motion to dismiss, Big Tex argues that Wils' only remaining claim for breach of the express warranty is moot because Wils no longer owns the relevant trailer, and consequently has no personal stake in the resolution of this case.[1] Doc. 63 at 3–4.

More importantly, Big Tex also argues that this case is moot because Big Tex offered to settle the case for more than the maximum full relief that the plaintiff

---

[1] That argument is unavailing. As the court already has explained, "on the plain meaning of the terms of the express warranty, there is no requirement that a purchaser like the plaintiff maintain possession of a trailer in order to sue for and collect damages in an action for breach." Doc. 69 at 2–3.

could claim and possibly collect at trial on the express warranty claim, and consequently that no live controversy remains. According to Big Tex, Big Tex had offered Wils $3,000 to settle this case, which is more than the asserted cost of repairing the trailer under the express warranty. Doc. 63 at 4–7.

In its response to the motion to dismiss, the plaintiff argued that the case was not moot because Big Tex only offered the plaintiff the cost of repairing the trailer, not replacing it. Doc. 66 at 1–2 ("Plaintiff submitted the offer of $18,061.07 for full relief that the plaintiff could claim to the Defendant.").

On August 30, 2024, the court ordered Big Tex to show cause why the court should not deny its motion to dismiss, given what appeared to be the live controversy about the cost of repair, and in the absence of Big Tex's having made an offer to have judgment entered against it (*see* Fed. R. Civ. P. 68). Doc. 68.

Big Tex responded to that order to show case. Doc. 69. And, as part of its response, Big Tex moved *in limine* to exclude any evidence of a May 2024 email estimate from Carl's for the cost of repair. Doc. 69. The plaintiff filed its reply to Big Tex's response, including its opposition to Big Tex's evidentiary *in limine* motion. Doc. 71. The court then held a motion hearing on Big Tex's motion to dismiss, the briefing on the order to show cause, and the briefing on Big Tex's evidentiary *in limine* motion. *See* minute entry entered: 10/08/2024.

The court now has granted Big Tex's evidentiary *in limine* motion (in an order

entered this date), ruling that the only admissible evidence on the cost of repair is the deposition testimony that Wils received an oral estimate of $2,000 from Carl's in 2022 (Doc. 35-1 at 21, 42), and that the May 2024 estimate and any related testimony or other related evidence is inadmissible.

## LEGAL STANDARD

The United States Constitution limits the jurisdiction of the federal courts to "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. Consequently, a claim for relief is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022) (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)).

In this regard, a court does not assess mootness "simply by looking to the state of affairs at the time the suit was filed"; rather, the United States Supreme Court has instructed that the "controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" *Christian Coal. of Fla.*, 662 F.3d at 1189–90 (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). In short, "a case becomes moot when the reviewing court can no longer offer any effective relief to the claimant." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018).

"[M]ootness is jurisdictional, and the court must resolve any question of mootness before it assumes jurisdiction." *United States v. Al-Arian*, 514 F.3d 1184,

1189 (11th Cir. 2008).

## DISCUSSION

The court now must dismiss this case for lack of subject matter jurisdiction as moot because (1) under Alabama law, Big Tex limited is liability on the express warranty to the cost of repair—not the cost of replacement—and (2) in light of the only admissible evidence on the cost of repair, Big Tex has made an offer of judgment that exceeds the maximum full relief that the plaintiff can claim and possibly collect at trial on the express warranty claim, *see* Fed. R. Civ. P. 68.

**1.** In *Ag-Chem Equipment Co. v. Limestone Farmers Co-op., Inc.*, the Alabama Supreme Court held that, when a warranty requires the manufacturer to repair or replace the product, the manufacturer is "under no duty, under the warranty, to replace" the allegedly defective product, and a manufacturer's "liability may not exceed the cost of [repair]." 567 So. 2d 250, 252 (Ala. 1990); *see* Doc. 63; Doc. 68.

The express warranty in this case is consistent with Alabama substantive law under *Ag-Chem*. Pursuant to the express warranty, "[t]he obligations of Big Tex Trailer Manufacturing, Inc. (the Company) under this limited warranty shall be limited to *repairing or replacing* any [relevant] part or parts . . . ." Doc. 35-7 (emphasis added).

In its order denying Big Tex's motion for reconsideration, the court reasoned that, "[i]n light of the court's partial summary judgment order (Doc. 53), the

maximum full relief that the plaintiff can claim and possibly collect at this point appears to be $18,061.07"—i.e., the price that Wils paid to purchase the trailer, or the cost of replacement in this case. Doc. 60 at 2 (emphasis in original).

Moreover, the plaintiff now argues that this case is not moot and that the court should deny Big Tex's motion to dismiss for lack of subject matter jurisdiction because Big Tex has refused the plaintiff's offer to settle for the cost of replacement ($18,061.07). According to the plaintiff, "In discussing mootness, this case would unquestionably be moot if the plaintiff had accepted the offer of full relief. The catch here, however, is that the plaintiff did offer $18,061.07 but the defendant did not accept this offer of judgment." Doc. 66 at 2 (cleaned up; citations omitted).

But Big Tex is correct that under *Ag-Chem* the terms of the express warranty limit Big Tex's liability for breach to "the cost of full[] repair." 567 So. 2d at 252 ("Under the terms of the warranty between [the manufacturer] and [the purchaser], [the manufacturer] . . . may be held liable only for the cost of fully repairing the engine."); *see also id.* ("[The manufacturer's] liability may not exceed the cost of repairing the engine."). As discussed above, on the plain language of Big Tex's express warranty in this case, Big Tex can repair the defective part(s) *or* replace the trailer. Doc. 63 at 4; Doc. 69 at 15; *see* Doc. 35-7 at 2 ("The obligations of Big Tex Trailer Manufacturing, Inc. (the Company) under this limited warranty shall be limited to repairing or replacing any part or parts which, in the opinion of the

Company, shall be proved defective in materials or workmanship under normal use and service during the one-year-period commencing with the date of purchase.").

Thus, under *Ag-Chem*, and on the plain terms of the express warranty, Big Tex's liability in this case cannot exceed the cost of repairing the trailer.

**2.**     As noted above, the court has ruled that the only admissible evidence on the cost of repair is the deposition testimony that Wils received an oral estimate of $2,000 from Carl's in 2022. Doc. 35-1 at 21, 42. So (again), under *Ag-Chem* and according to the plain terms of the express warranty in this case, the maximum full relief that the plaintiff can claim and possibly collect at trial is $2,000.

Furthermore, as part of its response to the court's order to show cause, Big Tex made an offer of judgment of **$3,000** in order to moot this case. Doc. 69 at 38–39; *see* Fed. R. Civ. P. 68. Big Tex "asks this Court to dismiss the claim in the event that [the plaintiff] does not accept the offer within the 14 days allowed by Rule 68, or alternatively, if accepted, that a judgment be entered against Big Tex for $3,000.00 covering all remaining claims and requests for relief." Doc. 69 at 40.

While the plaintiff has not accepted Big Tex's Rule 68 offer of judgment of $3,000, a defendant's offer of full relief, even if not accepted by the plaintiff, still moots the case. But the court must enter final judgment consistent with the Rule 68 offer of judgment. *See, e.g.*, *Mackenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003) ("The defendant's offer of full relief therefore

rendered this case moot, even though the plaintiff did not accept that offer."). For example, in *Zinni v. ER Solutions, Inc.*, the Eleventh Circuit reversed the district court's dismissal of the plaintiffs' claims for lack of subject matter jurisdiction, holding that "the failure of [the defendants] to *offer judgment* prevented the mooting" of the plaintiffs' claims, and consequently that the "district court erred in concluding [the defendants'] offers of settlement were for full relief such that [plaintiffs'] cases were mooted." 692 F.3d at 1168 & n.9 (emphasis added).

Aside from the cost of repair under the express warranty, there are no other damages that the plaintiff here can claim and possibly collect at trial. In its reply to the court's order to show cause, the plaintiff argues that it can recover damages for mental anguish. Doc. 71 at 31–32. But, "[g]enerally, mental-anguish damages are not recoverable in a breach-of-contract action." *Barko Hydraulics, LLC v. Shepherd*, 167 So. 3d 304, 312 (Ala. 2014). Alabama law does allow certain exceptions to this general rule (e.g., in cases involving the habitability of a house, contracts of carriage, and Alabama's lemon law), but none of those exceptions could apply here. *E.g.*, *Bowers v. Wal-Mart Stores, Inc.*, 827 So. 2d 63, 69 (Ala. 2001).

The plaintiff also previously has maintained a request for attorneys fees. But the plaintiff still has identified no basis under Alabama or federal law to claim any attorneys fees, costs, or expenses. "Under the bedrock principle known as the American Rule, each litigant pays his own attorney's fees, win or lose, unless a

9

statute or contract provides otherwise." *Marx v. General Revenue Corp.*, 568 U.S. 371, 382 (2013) (cleaned up; citation omitted); *see* Doc. 60; Doc. 66 at 6–8 (citing Alabama statutory law as to restrictive covenants and the Alabama Telemarketing Act).

Accordingly, in light of Big Tex's offer of judgment of $3,000, which is more than the maximum amount of full relief that the plaintiff otherwise can recover at trial on the express warranty claim (given the only admissible on the cost of repair of the trailer), no live controversy remains, and this case is moot. As a result, the court must dismiss this case for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, Big Tex's motion to dismiss (Doc. 63) is **GRANTED**, and this case is **DISMISSED**, to the extent that judgment in the amount of **$3,000** shall be **ENTERED** against Defendant Big Tex Trailer Manufacturing, LLC, and in favor of Plaintiff Wils of Faith Freight Uniters, LLC.

Separately, the court will enter final judgment.

**DONE** and **ORDERED** this December 11, 2024.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE